# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00683-CR
NO. 03-10-00684-CR
NO. 03-10-00685-CR

**Christopher Allen Bolton, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NOS. 66158, 66159 & 66160, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant Christopher Allen Bolton pleaded guilty to committing three armed robberies on or about January 10, 2010. *See* Tex. Penal Code Ann. § 29.03 (West 2003). At the plea hearing, Bolton's judicial confessions were admitted into evidence.[1] The district court withheld its findings of guilt, ordered a pre-sentence investigation report, and reset the causes for sentencing.

At the sentencing hearing, the district court considered additional evidence, including the testimony of Detective Johnny Reams of the Harker Heights Police Department, who had

---

[1] In each cause, the judicial confession was marked as State's Exhibit 1. It appears that a duplicate copy of the confession in cause number 66,158 was mistakenly marked as the confession in cause number 66,160. In other words, the reporter's record contains two copies of the confession in cause number 66,158 but does not contain a copy of the confession in cause number 66,160. However, a copy of the confession in cause number 66,160 can be found in the clerk's record.

investigated the robberies. Reams first investigated an armed robbery that had occurred at a convenience store located in Harker Heights. Reams interviewed the clerk who had been robbed, and she was able to provide a physical description of the robber. Reams testified that the robber could also be seen in a video recording of the robbery captured by the store's security camera. The recording of the robbery was subsequently played for other detectives in the department, one of whom, Reams testified, recognized the robber as Christopher Bolton. Another police officer, Reams added, also identified Bolton as a person who he had seen driving away from the convenience store shortly after the robbery had been reported.

During Reams's investigation, he learned that two similar robberies had been reported in Killeen. According to Reams, these robberies had occurred in quick succession following the Harker Heights robbery. From speaking with other detectives, Reams also learned that the physical description of the robber in the Killeen robberies closely matched the physical description of the perpetrator of the Harker Heights robbery.

Based on the above information, Reams was able to obtain a search warrant for Bolton's residence. Upon executing the warrant, Reams found several items inside Bolton's bedroom that tended to connect Bolton to the robberies, including clothing that matched the description of the clothing that was worn by the robber, a red canvas bag that had been used in one of the Killeen robberies, various items and two-dollar bills that had been reported stolen from the robbed convenience stores, and a black .20 gauge "pistol grip shotgun" that matched the description of the firearm that had been used in the Killeen robberies.

A different firearm, a silver .380 caliber handgun, had allegedly been used in the Harker Heights robbery. This handgun had been recovered from the scene of an attempted burglary that had also occurred in Harker Heights approximately two miles away from the location of the robbery. Reams testified that this handgun had been shown to the clerk who had been robbed and that she had indicated that it appeared to be the same gun that was used by the robber. Reams recalled that shortly after the robbery, Bolton's mother, who lived with her son, had reported this same gun missing from her residence. Both firearms were admitted into evidence, as were photographs of the various items that had been recovered from Bolton's bedroom.

Bolton called several friends and family members in his defense. These witnesses testified regarding Bolton's past problems with drug abuse, his difficult circumstances growing up with an alcoholic and abusive stepfather, and their belief that Bolton was basically a good person who had simply gone astray and needed "help" rather than prison time. They also expressed disbelief that Bolton would commit the crimes to which he had confessed.

At the conclusion of the hearing, the district court, "having considered everything," found Bolton guilty of the offense of aggravated robbery as alleged in each cause and sentenced him to 40 years' imprisonment in each cause, with the sentences to run concurrently. This appeal followed.

In each cause, Bolton's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744-75; *see also*

3

*Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Bolton received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgments of conviction are affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: May 18, 2011

Do Not Publish

4